1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7             FOR THE DISTRICT OF ARIZONA
8
9   Max Richard Ogas, Jr.              )    No. CV 07-607-PHX-SMM (JCG)
                                       )
10          Petitioner,                )
                                       )    **REPORT & RECOMMENDATION**
11  vs.                                )
                                       )
12                                     )
    Dora Sheraro,                      )
13                                     )
            Respondent.                )
14                                     )
                                       )
15  _____)

16          Petitioner Max Richard Ogas, presently incarcerated at the Arizona State Prison

17  Complex, Central Arizona Correctional Facility, in Florence, AZ, has filed a Petition for Writ

18  of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the Rules of Practice of this

19  Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation.

20  Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and

21  Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 11).

22  Petitioner replied on August 10, 2007.  (Doc. No.14).  The Magistrate Judge recommends

23  that the District Court dismiss the petition on the ground that it is time barred.

24          **FACTUAL AND PROCEDURAL BACKGROUND**

25          On February 27, 1996, Petitioner pled guilty to one count of first-degree murder, a

26  class one dangerous felony, one count of burglary in the second degree, and one count of

27  kidnapping.  (Answer, Ex. B.)  In the plea agreement, the parties stipulated to a sentence of

28  "life without the possibility of parole," for the murder.  (*Id.*)  On April 1, 1996, the Coconino

County Superior Court sentenced Petitioner to the aggravated term of 20 years' imprisonment for the burglary, the presumptive term of 28 years' imprisonment for the kidnapping, and the stipulated term of life without possibility of parole for the first-degree murder.  (Answer, Ex. D.)

Because Petitioner pled guilty to non-capital offenses, A.R.S. § 13-4033(B) prohibited him from filing a direct appeal.  On October 15, 2002, Petitioner filed a Notice of Petition for Post-Conviction Relief in the trial court.  (Answer, Ex. E.)  Counsel was appointed to represent Petitioner in his post-conviction proceedings.  (Answer, Ex. F.)  After court-appointed counsel indicated to the trial court that he could not find any colorable claims to raise in post-conviction proceedings, the trial court permitted Petitioner to file a *pro se* Petition for Post-Conviction Relief.  (Answer, Ex. F.)  On January 13, 2004, Petitioner filed a pro se Petition for Post-Conviction Relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition").  (Answer, Ex. G.)  Petitioner presented seven claims in his Rule 32 Petition: (1) Petitioner was misled into signing the plea agreement, (2) Petitioner's plea agreement was involuntary, (3) the plea agreement omitted a material factor that was relevant to Petitioner's decision-making process, (4) Petitioner was improperly induced into signing the plea agreement because he was told he would receive the death penalty if he went to trial, (5) Petitioner received ineffective assistance of counsel, (6) Petitioner should have received a competency hearing prior to entering into the plea agreement, and (7) the trial court lacked subject matter jurisdiction over Petitioner's criminal case.  (Answer, Ex. G.)

The trial court held an evidentiary hearing regarding Petitioner's Rule 32 Petition on September 23, 2004.  (Answer, Ex. P.)  At the close of the hearing, the Court denied Petitioner's Rule 32 Petition.  (*Id.*)

On September 22, 2004, Petitioner moved for leave to supplement his Rule 32 Petition with a claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), filing the proposed supplement on that same date.  (Answer, Exs. N.)  The court accepted Petitioner's Supplemental Rule 32 Petition on September 23, 2004.  (Answer, Ex. Q.)  On February 4,

1  2005, the trial court denied the Supplemental Rule 32 Petition on the grounds that it was not

2  timely filed.  (Answer, Ex. T.)

3       On February 24, 2005, Petitioner filed a petition for review with the Arizona Court

4  of Appeals.  (Answer, Ex. U.)  The petition for review raised three claims: (1) Petitioner's

5  plea was involuntary, (2) Petitioner received ineffective assistance of trial counsel, and (3)

6  Petitioner's sentence violated *Blakely*.  (*Id*.)  The Arizona Court of Appeals summarily

7  denied review on October 25, 2005.  (Answer, Ex. X.)

8       On December 23, 2005, Petitioner filed a petition for review by the Arizona Supreme

9  Court.  (Answer, Ex. Y.)  The Arizona Supreme Court summarily denied review on May 23,

10 2006.

11      On March 22, 2007, Petitioner filed his present federal habeas petition in this Court.

12 (Doc. No. 1.)  In his Petition, Petitioner presented a single claim: that he received ineffective

13 assistance of trial counsel.

14                    **DISCUSSION**

15      Respondents contend that Petitioner's Petition must be dismissed because it is not

16 timely.  (Answer, pgs. 4-8.)

17      Federal petitions for writ of habeas corpus filed by state prisoners are governed by a

18 one-year statute of limitations period.  See 28 U.S.C. § 2244(d)(1).  The statute of limitations

19 begins to run from the latest of: (1) the date on which the judgment became final by the

20 conclusion of direct review or the expiration of the time for seeking such review; (2) the date

21 on which the impediment to filing an application created by State action in violation of the

22 Constitution or laws of the United States is removed, if the applicant was prevented from

23 filing by such State action; (3) the date on which the constitutional right asserted was initially

24 recognized by the Supreme Court, if the right has been newly recognized by the Supreme

25 Court and made retroactively applicable to cases on collateral review; or (4) the date on

26 which the factual predicate of the claim or claims presented could have been discovered

27 through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

28                          - 3 -

1    Of these possible starting dates, only the first is relevant to the present action.

2    Petitioner does not allege that he was unconstitutionally impeded from timely filing the

3    present federal Petition, nor does Petitioner allege that his Petition is predicated on a newly-

4    recognized constitutional right or newly-discovered evidence that could not have been

5    discovered earlier through the exercise of due diligence.

6    Petitioner's judgment became final on June 29, 1996,  90 days after his sentencing,

7    because that date signified the expiration of time for seeking post-conviction relief pursuant

8    to Rule 32, Ariz. R. Crim. P.  *See* 28 U.S.C. § 2244(d)(1); *see also* Ariz. R. Crim. P. Rule

9    32.4 ("the notice [of post-conviction proceedings] must be filed within ninety days after the

10   entry of judgment and sentence or within thirty days after the issuance of the order and

11   mandate in the direct appeal, whichever is the later."); *see also Summers v. Schriro*, 481 F.3d

12   710, 716-17 (9th Cir. 2007) (holding that Arizona's Rule 32 of-right proceeding for

13   plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. §

14   2244(d)(1)(A)).   Thus, Petitioner's deadline to file his federal petition expired on June 29,

15   1997, the one-year anniversary of the expiration of Petitioner's deadline to seek review of

16   his sentencing, absent any tolling periods. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th

17   Cir. 2001) (calculating the 1-year period using the "anniversary method" of Rule 6(a), Fed.

18   R. Civ. P.).

19   The statute of limitations is tolled during the time that a *properly filed* application for

20   state post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2) (emphasis added).

21   Although Petitioner pursued post-conviction relief in state court beginning in 2002, those

22   proceedings did not toll the federal statute of limitations.  Petitioner's Rule 32 Petition and

23   his supplement thereto were not timely filed; therefore they were not "properly filed" and did

24   not toll the statute. *See Pace v. DiGuglielmo*, 544 U.S. 408, 408-09 (2005); *Artuz v. Bennett*,

25   531 U.S. 4, 8 (2000).  Moreover, by the time Petitioner filed his first Notice of Post-

26   Conviction Relief, the federal statute of limitations had long expired.  Petitioner could not

27   "re-start" the federal time limit once it had run out. *See Ferguson v. Palmateer*, 321 F.3d

28

1  820, 823 (9th Cir. 2003) (holding that we hold that section 2244(d) does not permit the re-

2  initiation of the limitations period that has ended before the state petition was filed).

3      Equitable tolling may be available even after the statute of limitations period has

4  expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file

5  a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th

6  Cir. 1997), overruled on other grounds, *Calderon v. United States Dist. Ct.*, 163 F.3d 530

7  (9th Cir. 1998)(en banc). Equitable tolling is appropriate only if extraordinary circumstances

8  beyond a prisoner's control make it impossible to file a petition on time, and is unavailable

9  in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v.*

10 *Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner argues

11 in his reply that he was unable to timely file the pending petition because he has been acting

12 *pro se*, lacks legal knowledge and was forced to rely on other inmates to prepare his legal

13 filings.   A *pro se* litigant's lack of legal knowledge does not constitute extraordinary

14 circumstances justifying equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir.

15 2006). Accordingly, the Petition is time-barred.

16                              **RECOMMENDATION**

17      Based on the foregoing, the Magistrate Judge recommends that the District Court enter

18 an order DISMISSING the Petition for Writ of Habeas Corpus.

19      Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

20 ten days of being served with a copy of the Report and Recommendation.  If objections are

21 not timely filed, they may be deemed waived. The parties are advised that any objections

22 filed are to be identified with the following case number: **No. CV 07-607-PHX-SMM**.

23      The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner

24 and counsel for Respondents.

25      DATED this 23rd day of August, 2007.

26

27                                    _____
                                      Jennifer C. Guerin

28                                    United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28